UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :         Chapter 7
    ROSILYN T. PURVIS                  :
           Debtor                       :         Bky. No. 09-18798ELF

## ORDER

      **AND NOW,** the Debtor having commenced this chapter 7 bankruptcy case on November 18, 2009;

      **AND,** in her bankruptcy schedules, the Debtor having disclosed an interest in a potential personal injury claim against "SEPTA"[1] ("the Personal Injury Asset"), (see Amended Schedule B ¶21, Doc. # 15);

      **AND,** the Debtor having listed the value of her interest in the Personal Injury Asset as "unknown;" (id.);

      **AND,** the Debtor having claimed an exemption in the Personal Injury Asset under 11 U.S.C. §522(d)(5), (d)(11)(D) and (d)(11)(E),[2] listing the value of each claimed exemption as

---

[1]     Presumably, the Debtor is referring to the regional transit authority, the Southeastern Pennsylvania Transportation Authority.

[2]     Under §522(d)(5), as it existed prior to April 1, 2010, a debtor could exempt his aggregate interest "in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided under [§522(d)(1)]."

    Under §522(d)(11)(D), as it existed prior to April 1, 2010, a debtor could exempt property that is traceable to "a payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.

    Under §522(d)(11)(E), a debtor may exempt "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

-1-

"unknown;" (see Amended Schedule C, Doc. # 16);[3]

AND, the chapter 7 Trustee ("the Trustee") having filed timely objections to the Debtor's claim of exemptions on February 23, 2010 ("the Objections") (Doc. # 24);[4]

AND, the Debtor having filed a Response to the Objections on March 11, 2010 (Doc. #28);

AND, after a hearing held and concluded on April 7, 2010;

AND, at the hearing, the parties not offering any evidence at the hearing, but instead relying upon legal arguments in support of their respective positions;

AND, after consideration of the parties' arguments and the recent decision of the U.S. Supreme Court in Schwab v. Reilly, 2010 WL 2400094 (U.S. June 17, 2010);

It is hereby **ORDERED** that:

1. The Objections are **SUSTAINED IN PART AND OVERRULED IN PART**.

2. The Objections are **OVERRULED** to the extent that they are based on the Debtor's failure to

---

[3]  In Amended Schedule C, the Debtor, consistent with Amended Schedule B, also stated that the current value of the property (i.e., the Personal Injury Asset) was "unknown."

[4]  Fed. R. Bankr. P. 4003(b) provides that a party in interest may object to a debtor's claim of exemptions within thirty (30) days after the later of: (a) the conclusion of the meeting of creditors or (b) the filing of any amendments to the exemptions or supplemental schedules. Here, the meeting of creditors was held on December 28, 2009, but was not concluded. (See unnumbered Docket Entry entered on December 29, 2009). There is no later docket entry suggesting the meeting of creditors was concluded on any later date. Therefore, the deadline for filing objections to the Debtor's exemptions did not expire prior to the filing of the Objections in February 2010. The Debtor does not suggest otherwise.

place a liquidated value for the Personal Injury Asset in Schedules B and C.[5]

3. The Trustee's Objections to the Debtor's claim of exemption under 11 U.S.C. §522(d)(5) and §522(d)(11)(D) are **SUSTAINED WITHOUT PREJUDICE**[6] to the Debtor's right to amend her claim of exemptions.[7]

4. The Debtor shall file any amended claim of exemptions under 11 U.S.C. §522(d)(5) and

---

[5]   I refer here to the valuation of the asset itself, not the value of the Debtor's claimed exemption in the asset. In Reilly, 2010 WL 2400094, at *8 n.10, the Court rejected the argument that the valuation disclosure on Schedules B and C is "an essential factor in determining the nature of the 'interest' [the] debtor lists as exempt." Rather, the Court "confine[d] [the valuation] estimate to its proper role: aiding the trustee in administering the estate by helping him identify assets that may have value beyond the dollar amount the debtor claims as exempt . . . ."). Id. at *8.

[6]   The Objections to the §522(d)(5) and §522(d)(11)(D) exemptions are sustained on two (2) grounds.

First, the exemptions permitted under §522(d)(5) and §522(d)(11)(D) are limited ones. Under §522(d)(5), and §522(d)(11)(D), like several other subsections of §522(d), a debtor may exempt his interest in any asset "up to a specified dollar amount . . . in the assets described in the category." Reilly, 2010 WL 2400094, at *7. By describing the value of the exemption as "unknown" in Schedule C, the Debtor is claiming an exemption in an amount that is potentially in excess of the statutory limits of §522(d)(5), and §522(d)(11)(D).

Second, to the extent that (by listing both the value of her exemption and the value of the Personal Injury Asset as "unknown") the Debtor seeks to communicate to parties in interest that she is attempting to exempt the entire the Personal Injury Asset, regardless of its value, Reilly establishes that such a claim of exemption is improper. Id. at *8 (the Bankruptcy Code defines "property claimed as exempt" as the debtor's "interest" in the property, "not as the [property] per se." (emphasis in original). The Trustee's Objection must be sustained to the extent the Debtor is attempting to exempt the entire Personal Injury Asset without regard to the value of the asset. Had no objection been filed, the Debtor may have achieved that outcome. See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) (in absence of timely objection, parties in interest are bound by improper claim of exemption). However, the Trustee has objected to the claim of exemption in a timely manner.

[7]   See Reilly, 2010 WL 2400094, at *11 ("If an interested party timely objects, the court will rule on the objection and, if it is improper, allow the debtor to make appropriate adjustments") (emphasis added); see also Fed. R. Bankr. P. 1009(a) (a schedule may be amended "as a matter of course at any time before the case is closed").

§522(d)(11)(D) **on or before July 23, 2010**.

5. The Trustee shall file any further objections to any amended claim of exemptions under 11 U.S.C. §522(d)(5) and §522(d)(11)(D) **on or before August 20, 2010**.

6. A ruling on the Trustee's Objection to the Debtor's claim of exemption under 11 U.S.C. §522(d)(11)(E) is **DEFERRED** pending further proceedings pursuant to Paragraph 7 below.[8]

7. A status hearing on any further objections filed by the Trustee pursuant to Paragraph 4-5 above and the pending Trustee's Objection under 11 U.S.C. §522(d)(11)(E) is **SCHEDULED on September 8, 2010, at 10:00 a.m. in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA**, at which time the parties shall be prepared to discuss any pretrial issues that require resolution before a further hearing is held to resolve all outstanding Objections.

**Date: June 22, 2010**

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[8] The §522(d)(11)(E) exemption is not capped by a specific dollar amount (like the §522(d)(5) and §522(d)(11)(D) exemptions), but it is limited to those payments a debtor has the right to receive for loss of future earnings not reasonably necessary for the support of the debtor and any dependent of the debtor. Therefore, it is possible for a debtor to claim an exemption under §522(d)(11)(E) that exceeds the statutory limit. This renders applicable the legal principles set forth in Reilly.

The Trustee bears the burden of proof on the Objection to the §522(d)(11)(E) exemption. Fed. R. Bankr. P. 4003(c). No evidence was offered at the April 7, 2010 hearing because the Trustee treated the April 7, 2010 hearing as one in which the legal sufficiency of the claim of exemptions was at issue due to the Debtor's disclosure of the value of the Personal Injury Asset as "unknown," see n.5 supra. In light of that, and given the likelihood that the Debtor will further amend her claim of exemptions pursuant to of Paragraph 4 of this order, I consider it appropriate, in the exercise of my discretion and in the interest of justice, to provide the Trustee a further opportunity to sustain his burden of proof with respect to the §522(d)(11)(E) Objection.